IN THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**EDWARD HAYES & SHANTELL HAYES**                                   **PLAINTIFFS**

V.                                                        CAUSE NO.:  5:24-cv-46-DCB-ASH

**DEER VALLEY HOMEBUILDERS, McCOMB HOME
CENTER, REGIONAL ENTERPRISES, LLC**                                 **DEFENDANTS**
**JOHN DOES (1-100)**

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiffs, **EDWARD HAYES, and SHANTELL HAYES**, by and through their attorney of record, and files this, their Complaint for damages against Defendants, **DEER VALLEY HOME BUILDERS, REGIONAL ENTERPRISES, LLC, and JOHN DOES (1-100)**, and in support thereof would show unto the Court the following matters and facts:

### I. JURISDICTION AND VENUE

1. That this is a civil action to recover monetary damages for personal injuries and property damages of **EDWARD HAYES and SHANTELL HAYES,** pursuant to 28 U.S. Code § 1332, diversity of citizenship and the amount in controversy exceeds $75,000.00, the Northern District of Mississippi of the United States Federal Court has subject matter over this cause of action.

2. Complete diversity exists in this case because none of the properly joined Defendants are citizens of the same state as Plaintiffs. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005); Caterpillar Inc. v. Lewis, 519 U.S. 61, 67-68 (1996). Additionally, the amount in controversy exceeds the minimum jurisdictional amount, exclusive of interest and cost. 28

U.S.C. § 1332(a). Therefore, the United States District Court for the Southern District of Mississippi, Western Division has jurisdiction over this action. 28 U.S.C. § 1332.

## II. COMPLETE DIVERSITY OF CITIZENSHIP

3. There is complete diversity of citizenship in this case because Plaintiff and Defendants are citizens of different states. See 28 U.S.C. § 1332(a); Wis. Dep't of Corrections v. Schacht, 524 U.S. 381, 388 (1998).

4. That pursuant to 28 U.S. Code § 1391, venue is proper in the Northern District of Mississippi in the United States Federal Court, as the events giving rise to this cause of action occurred in whole or in part in the Southern District of the United States Federal Court and of which the Plaintiff is a citizen and resides therein.

## III. PARTIES

5. That Plaintiff, **EDWARD HAYES**, (hereinafter referred to as "Plaintiff"), is an adult resident citizen of Ethel, Louisiana with a fixed address of 8177 Battle Road.

6. That Plaintiff, **SHANTELL HAYES**, (hereinafter referred to as "Plaintiff"), is an adult resident citizen of Ethel, Louisiana with a fixed address of 8177 Battle Road.

7. That Defendant, **DEER VALLEY HOME BUILDERS**, (hereinafter referred to as "Defendant") is a foreign business corporation who is incorporated in the state of Alabama, and whose principal place of business is Guin, Alabama. Therefore, **DEER VALLEY HOME BUILDERS**, is a citizen of ALABAMA. **DEER VALLEY HOMEBUILDERS** is subject to service of process by and through its registered agent: **JOHN STEVEN LAWLER, 205 CARRIAGE STREET, GUIN, ALABAMA, 35563.**

8. That Defendant, McCOMB HOME CENTER, LLC, (hereinafter referred to as "Defendant") is a business corporation who is incorporated in the state of Mississippi, and whose principal place of business is 6451 Wirtz Rd Flowood, MS 39232. Therefore, **McCOMB HOME**

**CENTER LLC,** is a citizen of MISSISSIPPI. **McCOMB HOME CENTER, LLC**. is subject to service of process by and through its registered agent: **C. T. CORPORATION SYSTEM  645 LAKELAND EAST DRIVE STE 101, FLOWOOD, MS 39232**.

9. That Defendant, **REGIONAL ENTERPRISES, LLC**, (hereinafter referred to as "Defendant") is a business corporation who is incorporated in the state of Mississippi, and whose principal place of business is 6451 Wirtz Rd Flowood, MS 39232. Therefore, **REGIONAL ENTERPRISES, LLC**. is a citizen of MISSISSIPPI. **REGIONAL ENTERPRISES, LLC.** is subject to service of process by and through its registered agent: **C. T. CORPORATION SYSTEM  645 LAKELAND EAST DRIVE STE 101, FLOWOOD, MS 39232**.

10. That Defendants, **JOHN DOES (1-100)**, have not been identified at this time. Plaintiff will amend his complaint if and when said information becomes available.

## IV. BACKGROUND FACTS

11. That on or about May 11, 2021, Plaintiffs entered into an agreement to purchase a manufactured home from McComb Home Center, LLC, and Regional Enterprises, LLC, for the amount of $197,061.68.

12. That said manufactured home was built and assembled by Deer Valley Home Builders, of Guin, Alabama.

13. After purchasing of said home Plaintiffs, followed all requirements of the Defendants for the delivery of the home.

14. Plaintiffs incurred over twenty-five thousand dollars ($25,000.00) dollars of additional expenses for site preparation according to the requirements of defendants.

15. The home was then delivered by employees of Defendants.

16. When the home was assembled by defendants, there were instantly noticeable issues and defects with the home.

17. Defendants, Regional Enterprises, LLC and McComb Home Center, LLC attempted to resolve the over, one hundred twenty-seven (127), visible defects.

18. Many more defects and issues presented themselves over time.

19. The home has vegetation growing in the supposedly seamless connection between the two halves of the home.

20. Defendants attempted to remedy all issues but have now determined that the issues are the fault of the manufacturer.

21. Defendants forwarded an official statement of the issues that are the responsibility of seller Defendants and the issues that are the responsibility of manufacturer Defendant.

22. Said official statement of fault has been attached as Exhibit 1, to the complaint for damages.

23. That at all relevant times and place, Plaintiffs, suffered severe and serious damages to their property, for which Plaintiffs is entitled to monetarily recover.

## V. COUNT 1
## PROPERTY DAMAGE

24. That Plaintiff realleges paragraphs one (1) through seven (7) as if fully set forth herein.

25. That the damages to Plaintiff's real property by Defendants, was done intentionally, negligently, willfully, and maliciously, with a reckless disregard for Plaintiffs' rights. After demand was made on Defendant to repair the property and/or reimburse Plaintiff for its value, Defendants intentionally, willfully, and maliciously refused to return the property to its previous state and/or reimburse Plaintiff for said damage.

26. That Plaintiff charges and alleges that Defendants, **and JOHN DOES (1-100)**, negligently, willfully, and maliciously damaged and deprived owners of said property, without Plaintiffs' consent and/or without just compensation on the occasions in question in one or more of the following respects, by:

   a. failing to reasonably complete repairs of damages caused by Defendants; and

   b. destroying and/or causing severe and irreparable injury/damage to Plaintiff's real and personal property, resulting in Plaintiffs' loss of enjoyment of property; Plaintiffs' property losing significant monetary value, aesthetic, and innate quality; and causing erosion and environmental destruction and waste.

27. As a direct and proximate result of the aforesaid negligence, gross negligence, willful, malicious, and reckless conduct of Defendants, Plaintiff has sustained severe and irreparable damages in the amount of $1,000,000.00.

## VI. INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

28. That Plaintiff realleges paragraphs one (1) through fourteen (14) as if fully set forth herein.

29. That Plaintiff charges and alleges that Defendants', and JOHN DOES' (1-100), conduct was extreme and outrageous, reckless, intentional, and negligent and caused Plaintiff to suffer severe emotional distress.

30. As a direct and proximate result of the aforesaid negligence, gross negligence, intentional, willful, malicious, reckless, extreme, and outrageous conduct of Defendants, Plaintiffs have sustained severe and irreparable damages in the amount of $1,000,000.00.

## VII. DAMAGES

31. That each of the foregoing acts and omission, singularly or in combination with others, constituted property damage, trespass to land and intentional/negligent infliction of emotional distress, which caused actual and consequential damages to Plaintiff. For such willful and malicious acts on the part of Defendants, Plaintiff seeks $100,000.00 as punitive damages in addition to $1,000,000.00, which are his actual damages.

32. From on or about May 11, 2024 until the time of trial of this cause and final conclusion, those elements of damage which should be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiffs, **EDWARD HAYES, and SHANTELL HAYES**, are:

   a. The damages to Plaintiffs' property (damage to real and personal property and trespass);

   b. Loss Wages;

   c. The mental anguish that Plaintiffs have suffered due to Defendants' unreasonable handling of Plaintiffs' property; and

   d. The amount of expenses and fees Plaintiff has incurred as a result of Defendants' acts.

33. The total sum of Plaintiffs' damages, is within the jurisdictional limits of this Court. Said damages were legally caused by Defendants.

## VIII. ATTORNEY'S FEES

34. Defendants' conduct as described in this Complaint and the resulting damages and losses to Plaintiff, has necessitated Plaintiff retaining the attorney whose name is subscribed to this Complaint. Plaintiff is therefore, entitled to recover from Defendants an additional sum to

compensate Plaintiffs for a reasonable fee for such attorney's services in the preparation and prosecution of this action, as well as a reasonable fee for any and all appeals to other courts.

## IX. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon a final trial of this matter, Plaintiff have the following:

1. Judgment against Defendants for the amount of damage caused by Defendants' willful, malicious, intentional, negligent and unlawful trespass and serious damage to Plaintiff's real and personal property, this value being $1,000,000.00;

2. Punitive Damages in the amount of $100,000.00 for the willful and malicious acts of Defendants;

3. Interest on such judgment from its date;

4. All costs of suit; and

5. All other and further relief as Plaintiff may be entitled to receive.

**RESPECTFULLY SUBMITTED** this, the 7th day of , May, 2024.

BY: *Daniel E. Morris*
DANIEL E. MORRIS, MSB# 102723
*ATTORNEY FOR PLAINTIFFS*

**OF COUNSEL**:
DANIEL E. MORRIS LAW FIRM, PLLC.
P.O. Box 40811
Baton Rouge, LA  70835
Tel:  (888) 966-7747
Fax: (877) 966-7747