```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                          WESTERN DIVISION
```

EDWARD HAYES and
SHANTEL HAYES                                              PLAINTIFFS

V.                            CIVIL ACTION NO. 5:24-cv-46-DCB-ASH

DEERY VALLEY HOMEBUILDERS,
REGIONAL ENTERPRISES D/B/A/
MCCOMB HOME CENTER
and JOHN DOES (1-100)                                      DEFENDANTS

<u>ORDER AND OPINION</u>

This matter comes before the Court on Defendant Regional Enterprises, LLC, d/b/a McComb Home Center's ("Regional") Motion to Compel Arbitration and Stay Litigation [ECF No. 3] and on Defendant Deer Valley Homebuilders' ("Deer Valley") Motion to Dismiss [ECF No. 13]. In its motion to dismiss, Deer Valley argues in the alternative that the Court should apply the doctrine of equitable estoppel to compel arbitration even though Deer Valley is not a signatory to the arbitration clause. [ECF No. 13-1] at 6. The Court finds as follows:

I.   Background

In their complaint, Plaintiffs Edward and Shantel Hayes allege that they purchased a manufactured home from Regional, and that the manufactured home was built and assembled by Deer Valley Home Builders. [ECF No. 1] ¶¶ 11-12. Plaintiffs further claim

that once the home was assembled by Defendants, "there were instantly noticeable issues and defects with the home," and that more appeared over time, including vegetation growing between the two halves of the home. Id. ¶¶ 11-12. Plaintiffs' full list of issues with the home appears in the "official statement of fault" filed as an exhibit to the complaint. [ECF No. 1-1]. The Hayeses bring this suit asserting that they are entitled to damages due to the damage to Plaintiffs' real and personal property, lost wages, mental anguish, and the expenses and fees Plaintiffs incurred due to Defendants' acts. Id. ¶ 32.

As part of the purchase, Shantel Hayes signed a purchase agreement with Regional, which included an agreement compelling the parties to arbitrate

> "any and all claims, demands, disputes, or controversies of every kind or nature between them, including but not limited to, tort and contract claims; claims based on federal, state or local statute, law, order, ordinance, or regulations; and claims arising from, concerning or relating to any of the negotiations involved in the transaction, the terms and provisions of agreements, the arrangements for financing, the performance of the agreements of condition of the Home, or any other aspect of the transaction."

[ECF No. 3-1] at 3. The arbitration agreement states that the arbitration will be conducted pursuant to the Federal Arbitration Act and according to the "generally accepted arbitration procedures" of the American Arbitration

Association. Id. It further provides that the arbitrator shall decide whether a particular controversy is subject to arbitration. Id. This agreement was signed by Plaintiff Shantell Hayes and an agent of Regional but was not signed by a Deer Valley representative. Id. Defendants Regional and Deer Valley now both seek to compel arbitration in this matter. [ECF No. 3]; [ECF No. 13]. The Court notes that Plaintiff has filed no response objecting to either of these motions, and that each motion is therefore uncontested.

  II.  Discussion

  A. Whether a Valid Arbitration Agreement existed

   Compelled arbitration is a matter of contract. See Janvey v. Alguire, 847 F.3d 231, 240 (5th Cir. 2017). Consistent with arbitration's contractual roots, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Id. at 240. Thus, the Court first turns to the threshold issue of which, if any, parties have agreed to arbitrate this dispute. Reyna v. Int'l Bank of Commerce, 839 F.3d 373, 377 (5th Cir. 2016). In so doing, the Court does not consider the merits of the Hayeses' underlying claims. Tittle v. Enron Corp., 463 F.3d 410, 425n. 12 (5th Cir. 2006) (citing AT & T Techs., Inc. v.

Commc'ns Workers of Am., 475 U.S. 643, 649 (1986)). The Court applies Mississippi contract law to determine whether the parties entered into a valid agreement to arbitrate the dispute. See Kubala v. Supreme Prod. Servs., Inc., 830 F.3d 199, 202 (5th Cir. 2016). Plaintiffs do not challenge the validity of the arbitration agreement.

A valid contract exists under Mississippi law if the following elements are present: "(1) two or more contracting parties; (2) consideration; (3) an agreement that is sufficiently definite; (4) parties with legal capacity to make a contract; (5) mutual assent; and (6) no legal prohibition precluding contract formation." Rogers v. Casey & Co. LLC, 293 So. 3d 857, 863 (¶26) ((Miss. Ct. App. 2019) (quoting Bert Allen Toyota Inc. v. Grasz, 909 So. 2d 763, 768 (¶12) (Miss. Ct. App. 2005)). Here, it is apparent that all six of these requirements are met, and no party contests the legitimacy of the contract. Therefore, the Court finds that a valid arbitration agreement existed.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., reflects "both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (internal quotation marks

omitted). Under the FAA, an arbitration clause in a "contract evidencing a transaction involving commerce" is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A contract "involves" commerce if it affects interstate commerce. Allied-Bruce Terminix Co. v. Dobson, 513 U.S. 265, 274 (1995). Contracts between citizens of different states "involve" commerce under the FAA. See Pedcor Mgmt. Co. Welfare Ben. Plan v. Nationals Personnel of Texas, Inc., 343 F.3d 355, 361 n. 29 (5th Cir. 2003). Here, the arbitration agreement "involves" commerce under the FAA because it was entered into by Regional (a Mississippi LLC) and the Hayeses (Louisiana citizens) [ECF No. 4] at 4. Therefore, the FAA applies, and the arbitration provision is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

If a valid arbitration agreement exists, a court should then ask if "'any federal statute or policy renders the claims nonarbitrable.'" Janvey, 847 F.3d at 240 (quoting Sherer v. Green Tree Serv. L.L.C., 548 F.3d 379, 381 (5th Cir. 2008)). This Court has found that a valid arbitration agreement exists, and no federal statutes or policies render the Hayeses' claims, which sound in Louisiana state

tort law, nonarbitrable. Therefore, the Court compels enforcement of the arbitration agreement between the Hayeses and Regional.

   B. Whether Equitable Estoppel Allows Deer Valley to Compel Arbitration

The Court now turns to whether the doctrine of equitable estoppel applies to force the Hayeses' claims against Deer Valley into arbitration. The Supreme Court has found that "generally, in the arbitration context, 'equitable estoppel allows a nonsignatory to a written agreement containing an arbitration clause to compel arbitration where a signatory to the written agreement must rely on the terms of that agreement in asserting its claims against the nonsignatory.'" <u>GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC</u>, 590 U.S. 432, 438 (2020). The Fifth Circuit has held that equitable estoppel is proper (1) if the plaintiff must rely on the terms of the arbitration agreement in their suit against the nonsignatory defendants or (2) if the plaintiff alleges that the non-signatory and signatory defendants have committed "substantially interdependent and concerted misconduct." <u>Grigson v. Creative Artists Agency, LLC</u>, 210 F.3d 524, 527 (5th Cir. 2000).

In their complaint, Plaintiffs do not differentiate between which defendant is responsible for which alleged injury; Plaintiff attempts to hold both defendants liable for property damage and intentional and negligent infliction of emotional distress. [ECF No. 1]. Each of these claims is asserted against both defendants for their alleged misconduct towards Plaintiff. Because the Hayeses' claims allege that Regional, the signatory defendant, and Deer Valley, the nonsignatory defendant, engaged in "substantially interdependent and concerted misconduct" which caused Plaintiffs property and emotional damages, the Court concludes that the non-signatory defendant may compel arbitration under the second Grigson prong.

   C. Validity of Delegation Provision

A delegation provision in an arbitration contract transfers the power to decide questions of arbitrability from a court to the arbitrator. See Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 68-69 (2010). The parties' agreement must "clearly and unmistakably" indicate an intent to arbitrate the issue of arbitrability. AT&T Techs., 475 U.S. at 649. Here, the arbitration agreement explicitly states that the parties agree "that any question regarding whether a particular controversy is subject to

arbitration shall be decided by the Arbitrator." This statement in the arbitration agreement which Plaintiff Shantel Hayes signed is a "clear and unmistakable" indication that the parties intended to arbitrate the issue of arbitrability. Therefore, the Court leaves that analysis to the arbitrator.

III. Conclusion

Having determined that (1) a valid agreement to arbitrate exists between the Hayeses and Regional; (2) the nonsignatory defendants are entitled to equitably estop the Hayeses from litigating, rather than arbitrating or mediating, the claims asserted against them, and (3) that the arbitration contract contains a valid delegation provision, the Court compels arbitration between the Hayeses, Regional, and Deer Valley.

ACCORDINGLY,

IT IS HEREBY ORDERED AND ADJUDGED that the Motion to Compel Arbitration [ECF No. 3] is GRANTED, and that Plaintiffs Edward and Shantel Hayes and Defendant Regional are ordered to submit the dispute to arbitration, as required by the agreement between them;

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Dismiss [ECF No. 13] filed by Defendant Deer Valley is GRANTED IN PART as to compelled arbitration, and that Plaintiffs Edward and Shantel Hayes and Defendant Deer Valley are ordered to submit the dispute to arbitration;

IT IS FURTHER ORDERED AND ADJUDGED that this case shall be STAYED pending the resolution of arbitration between Shantel and Edward Hayes, Regional, and Deer Valley.

SO ORDERED this 14th day of March, 2025.

                                             /s/ David Bramlette
                                           DAVID C. BRAMLETTE III
                                           UNITED STATES DISTRICT JUDGE